IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT LEE WINFIELD, JR., | : | CIVIL ACTION NO. **3:CV-11-0904** |
| Petitioner | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN B. A. BLEDSOE, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

**I. Procedural Background.**

On May 12, 2011, Petitioner Robert Lee Winfield, Jr., an inmate at USP-Lewisburg, Lewisburg, Pennsylvania, filed, *pro se*, the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner paid the filing fee. (Doc. 4). Petitioner attached two exhibits to his habeas petition, a copy of the first page of his July 29, 1996 J&C filed in the Eastern District of Virginia, and portions of the Court's jury instructions in his criminal trial. Petitioner also submitted his 3-sentence Affidavit. (Doc. 1-1).

Petitioner Winfield filed a previous §2241 habeas petition with this Court on March 2, 2008. *See Winfield v. Martinez*, Civil No. 08-0509, M.D. Pa.[1]   In his 08-0509 petition, Petitioner claimed that he was actually innocent of murder since he had new evidence in the form of his cousin's affidavit, in which his cousin essentially stated that he, not Petitioner, committed the murders of which Petitioner was convicted. On April 4, 2008, we issued an R&R and recommended that Petitioner's 08-0509 habeas petition be dismissed for lack of jurisdiction without directing service

---

[1] Petitioner was previously an inmate at the United States Penitentiary at Allenwood ("USP-Allenwood") at White Deer, Pennsylvania.

of it on Respondent since §2255 was Petitioner's remedy. On October 8, 2008, the Court adopted our R&R and dismissed Petitioner's 08-0509 habeas petition.

In his instant habeas petition, Petitioner Winfield basically claims that BOP Program Statement 13.51.05, which prohibits possession of a pre-sentence report ("PSR") by an inmate, hindered his §2255 motion and his actual innocence claim since he was not able to show that count one of his criminal indictment was dismissed and vacated by the court. Petitioner states that count one was used as the third essential element to convict him of the Continuing Criminal Enterprise ("CCE") offense. Thus, Petitioner states that he was not able to show he was innocent of his CCE conviction due to the BOP's prohibition on allowing him to possess his PRS.

Named as Respondent in the present habeas petition is B. A. Bledsoe, the Warden at USP-Lewisburg.[2] The habeas petition has not yet been served on Respondent for a response.

We now give preliminary consideration to the Habeas Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.*, 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-

---

[2]Petitioner named the correct Respondent since he is presently confined at USP-Lewisburg and Bledsoe is the Warden at this prison. *See* 28 U.S.C. § 2242 and § 2243. *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa. Petitioner also correctly filed his Habeas Petition with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

1773, M.D. Pa.[3]

## II. Factual Background.[4]

Petitioner was convicted on July 29, 1996, following a jury trial, in the United States District Court for the Eastern District of Virginia, Case No. 95- CR-193. (Doc. 1, p. 3). Petitioner was sentenced in the stated case to life imprisonment plus 300 months. (Doc. 1, p. 2). Petitioner was convicted of being part of a Continuing Criminal Enterprise ("CCE") in violation of 21 U.S.C. § 848, along with several related offenses, including murder and attempted murder while engaged in a CCE. (*Id*.). Petitioner indicates that he directly appealed his convictions to the Fourth Circuit Court of Appeals. The Fourth Circuit affirmed his judgment of conviction on March 5, 1998. Petitioner cites to 139 F. 3d 896 (4th Cir. 1998). (*Id*.).

The following background is derived entirely from Petitioner's 08-0509 case:

> Petitioner then he filed a motion with the sentencing District Court, pursuant to 28 U.S.C. § 2255, on February 26, 1999, and that the sentencing District Court denied his § 2255 motion on March 17, 2000. Petitioner then claimed that he received new evidence about his criminal case on November 17, 2006, *i.e.* an affidavit from the government's key witness against him, Petitioner's cousin David Winfield. Petitioner stated that David, in his affidavit, averred that he told the prosecutor, AUSA Tayman, that he, and not Petitioner, killed three individuals, and that the prosecutor led him (David) to commit perjury at Petitioner's trial.
>
> Petitioner filed a second § 2255 motion with sentencing District Court, Eastern District of Virginia, on November 19, 2007, and that on February 29,

---

[3]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[4]We repeat the factual background of Petitioner's federal criminal conviction from his 08-0509 case as well as from his instant habeas petition. The cites to the documents refer to the present habeas petition.

3

>2008, the Eastern District of Virginia District Court dismissed Petitioner's second
>§ 2255 motion for lack of jurisdiction since Petitioner did not obtain authorization,
>pursuant to 28 U.S.C. § 2244(b)(3)(A), from the Fourth Circuit to file a second
>§ 2255 motion. Previously, Petitioner filed a motion with the Fourth Circuit under
>§ 2244 for authorization to file a successive § 2255 motion, but the Appeals Court
>denied Petitioner's motion on October 18, 2007.

As stated, on March 2, 2008, Petitioner Winfield filed a previous §2241 habeas petition with this Court. *See Winfield v. Martinez*, Civil No. 08-0509, M.D. Pa. It was dismissed on October 8, 2008.

Petitioner then filed his second §2241 habeas petition with the Middle District of Pennsylvania on May 12, 2011.

**III. Claims of Habeas Petition.**

As mentioned, Petitioner claims that BOP P.S. 13.51.05, which prohibited him possessing his PSR, prevented him from raising an actual innocence claim in his first §2255 motion since his PSR showed that Count One of his Indictment was dismissed and vacated, and Count One was used as an essential element to support his CCE conviction. If Petitioner previously had his PSR, he contends that he would have been able to raise a claim in his §2255 motion that he was actually innocent of the CCE offense. The first page of his July 29, 1996 J&C filed in the Eastern District of Virginia indicates that Count One of the Indictment against Petitioner was conspiracy to distribute and possession with intent to distribute a substance containing cocaine base in violation of 21 U.S.C. §846. (Doc. 1, p. 9). The J&C also indicates that Count One of the Indictment was dismissed and vacated by the Court.

Specifically, Petitioner claims as follows:

> Petitioner's case manager Ms. Jackson finally gave Petitioner this information years after his § 2255 had past (sic), and she wrote at the top of Petitioner's Judgment in a criminal case (No names on this Statement of Reasons inmate may have), with her initial. That is when this information was revealed to Petitioner. Petitioner is 'Actual (sic) Innocent' of engaging in a continuing criminal enterprise because the third essential element (count one) was dismissed and vacated by the court, and if the U.S. Bureau of Prisons policy did not prohibit Petitioner from obtaining and possessing this information he would had (sic) filed 'Actual Innocent' in his § 2255 motion. (See attached Judgment in a criminal case dismissing and vacating count one of the indictment, and jury instructions revealing count one was the third essential element to convict Petitioner for engaging in a continuing criminal enterprise).

(Doc. 1, p. 6).

Petitioner concludes that his present habeas claim "is part of [his] prison conditions because it was the [BOP P.S.] 13.51.05 that prohibited [him] from obtaining and possessing evidence of his innocence to file in a[n] earlier proceeding [*i.e.* his first §2255 motion]." (*Id.*, p. 7).

In his Affidavit, Petitioner avers that he "first received information about count one was dismissed and vacated from Case Manger Ms. Jackson after long after the §2255 [motion] deadline." (Doc. 1-1). Thus, Petitioner seems to claim that another Motion under §2255 is inadequate or ineffective with respect to his actual innocence claim of his CCE conviction since it would be untimely. (*Id.*).

Petitioner does not state the relief he is seeking in his instant habeas petition.

**IV. Discussion.**

We find that Petitioner's present § 2241 habeas petition should be dismissed for lack of jurisdiction since Petitioner is attacking his CCE conviction and his sentence. We find that Petitioner's

5

remedy is to file a motion for authorization, pursuant to 28 U.S.C. § 2244(b)(3)(A), with the Fourth Circuit Court of Appeals to file a second § 2255 motion. Previously, as stated, Petitioner filed a motion with the Fourth Circuit under § 2244 for authorization to file a successive § 2255 motion, but the Appeals Court denied Petitioner's motion on October 18, 2007. Despite this denial, we find that Petitioner's remedy with respect to his present actual innocence claim of his CCE conviction is again to file a motion with the Fourth Circuit under § 2244 for authorization to file a successive § 2255 motion.

Specifically, we find that § 2255 is an adequate and effective remedy for Petitioner to raise his instant habeas claim, namely, that Count One of his Indictment should not have been used to establish the third element of his CCE conviction. *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa. (11-29-10); *Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10). If Petitioner did not have the alleged information that Count One was dismissed when he filed his first §2255 motion and when he filed his motion with the Fourth Circuit under § 2244 for authorization to file a successive § 2255 motion, he can file another motion with the Fourth Circuit under § 2244 for authorization to file a successive § 2255 motion. In any event, we find that § 2255 is an adequate and effective remedy for Petitioner to raise his present claim.

Simply because Petitioner's first §2255 Motion was dismissed by the District Court for the Eastern District of Virginia does not render this motion as inadequate or ineffective for Petitioner to raise his present claim. Also, just because Petitioner previously filed a motion with the Fourth Circuit under § 2244 for authorization to file a successive § 2255 motion and the Court denied his motion, does not render §2255 as inadequate or ineffective.

Suffice to say that, based on recent similar Middle District cases, we find Petitioner Winfield's present habeas claim must be raised *via* a 2255 motion. *See Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10)(Court held that it lacked jurisdiction over inmate's §2241 habeas claim that the federal sentencing court incorrectly determined that he was a career criminal for purposes of sentencing based on a prior state court conviction.); *DiFilippo v. Sniezek*, Civil No. 10-0406, M.D. Pa., aff'd. 2010 WL 3965893 (3d Cir. 10-12-10) (Court found that §2255 Motion was remedy for Petitioner who claimed that he should not have been sentenced as a career offender and that his guideline range should not have been increased, since the Supreme Court recently found that escape was not always a crime of violence for purposes of sentencing a Defendant as a career offender); *Wyrick v. Ebbert*, Civil No. 08-1922, M.D. Pa. (Court held that Petitioner did not demonstrate that § 2255 was an inadequate remedy to test the legality of his federal CCE conviction and his life sentence); *Northrop v. Lindsay*, Civil No. 07-0574, M.D. Pa. (Court found that that Petitioner should raise his §2241 habeas claim that the § 848 offense should not have been charged and that his sentence should not have been imposed under the CCE by filing a motion with the Second Circuit to file a successive § 2255 motion).

As stated, Petitioner Winfield has already attempted to utilize § 2255, but this does not show that § 2555 is inadequate or ineffective to raise his present habeas claim. *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.; *Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10) adopted 2010 WL 2926593 (M.D. Pa. 7-26-10). Petitioner seems to claim that § 2255 is inadequate or unavailable in light of the fact that his 1-year statute of limitations to file another § 2255 motion has long expired. (Doc. 1-1, ¶ 3). However, Petitioner can nonetheless file a motion to file a second or

successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Fourth Circuit Court of Appeals.

In *Sperling v. Hogsten*, Appeal No. 07-3032, (3d Cir. 10-19-07)(Non-Precedential), slip op. pp. 3-4, the Third Circuit stated:

> A federal prisoner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). A section 2255 motion is not "inadequate or ineffective" merely because the sentencing court has denied relief, *Cradle*, 290 F.3d at 539, or because the petitioner cannot meet the gatekeeping requirements of section 2255, *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). As noted above, Sperling has already filed three unsuccessful motions pursuant to section 2255 in the sentencing court, and at least two applications to the Second Circuit for permission to file another, all of which essentially raised the same claims he raises here. However, the fact that Sperling cannot prevail under section 2255 does not render it "inadequate or ineffective" to protect him. *See Cradle*, 290 F.3d. at 539. Therefore, the District Court properly dismissed Sperling's petition pursuant to 28 U.S.C. § 2241.

In *Green v. Apker*, 2005 WL 1138478, * 4 (M.D. Pa.), this Court stated that there is "a high bar for what a court will consider a serious constitutional issue sufficient to allow a Petitioner to bring a § 2241 petition to challenge a conviction or sentence." This Court stated that the request for relief under § 2241 must be based on newly discovered evidence or an intervening change in substantive law that would negate the criminal nature of Petitioner's conduct leading to his federal conviction. *Id*.

In the case of *Littles v. U.S.*, 142 Fed. Appx. 103 (3d Cir. 2005) (Per Curiam), the inmate filed a § 2241 habeas petition claiming that one of his previous state convictions should not have been used by the sentencing court in determining that he was a career offender under U.S.S.G.

§ 4 B1.1 since the one state conviction was unconstitutionally obtained. The Third Circuit held that inmate could not pursue his claim *via* § 2241 habeas petition since no showing that § 2255 motion was inadequate or ineffective. The Third Circuit vacated the portion of the Middle District of Pennsylvania District Court's decision that considered Littles' habeas petition claim on its merits. The Third Circuit concluded that "[because Littles was proceeding pursuant to § 2241, the District Court was without jurisdiction to consider the merits of his petition." *Id*. at 104.

Based on *Littles*, as well as *Blum* and *DiFilippo*, this Court is clearly without jurisdiction to consider our Petitioner Winfield's second § 2241 Habeas Petition. We find that Petitioner's recourse is to seek permission from the appeals court to file a second motion under § 2255 with respect to his 1996 federal sentence. Thus, Petitioner's apparent contention that his sentence of life imprisonment plus 300 months was impermissibly based on his improper conviction of the CCE offense should be raised in a § 2255 motion. *See Littles, supra; Blum, supra*. Petitioner must seek his relief *via* that vehicle even though he is required to seek permission from the appeals court to file a second § 2255 motion. *Okereke, supra*.

In this case, even though Petitioner has already filed a § 2255 motion regarding the sentence for which he is presently incarcerated, he does not demonstrate a personal inability to utilize this remedy. Despite the fact that he did file a previous § 2255 motion as to his sentence, he does not establish the inadequacy or ineffectiveness of the remedy itself. S*ee Berry v. Lamer*, Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v.*

*Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by Section 2255 motion is waived does not render a Section 2255 motion inadequate or ineffective); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

In *Hornaday v. Lamanna*, 2000 U.S. App. LEXIS 10785 ( 6th Cir. 2000), Petitioner filed a § 2241 petition claiming that he was improperly sentenced under the ACCA because his 1966 burglary conviction did not constitute a crime of violence under the U.S.S.G. and because it did not involve a dwelling. The Court found that § 2255 was Petitioner's remedy and that the District Court lacked jurisdiction over the habeas petition.

Thus, we will recommend that the Court summarily dismiss Petitioner Winfield's second Habeas Petition under Rule 4 since we find that Petitioner's recourse is to file a motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Fourth Circuit. *See Davis v. Sniezek*, Civil No. 08-1119, M.D. Pa.; *Hart v. Holt*, 2007 WL 626159 (M.D. Pa.)(Court found that Petitioner should raise his instant claim that his sentence should not have been

enhanced under the ACCA by filing a motion with the Third Circuit to file a successive § 2255 motion); *Winkelman v. Holt*, 2009 WL 1314864 (M.D. Pa.); *Webb v. Martinez*, 2010 WL 128315 (M.D. Pa.).

Based upon the well-settled case law, we will recommend that Petitioner Winfield's Habeas Corpus Petition should be dismissed for lack of jurisdiction without directing service of it on Respondent.

**V. Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner Winfield's Petition for Writ of Habeas Corpus (Doc. 1) be dismissed, without directing service of it on Respondent, for lack of jurisdiction.

<u>s/ Thomas M. Blewitt</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 31, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT LEE WINFIELD, JR., | : | CIVIL ACTION NO. **3:CV-11-0904** |
| Petitioner | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN B. A. BLEDSOE, | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **May 31, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: May 31, 2011**