IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT LEE WINFIELD, JR., | : | No. 3:11cv904 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| B. A. BLEDSOE, | : | |
| Respondent | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Magistrate Judge Thomas M. Blewitt's report and recommendation (Doc. 5) proposing that the court dismiss Petitioner Robert Lee Winfield, Jr.'s habeas corpus petition (Doc. 1). Petitioner Robert Lee Winfield, Jr. filed objections to the report and recommendation. (Doc. 6). The matter is ripe for disposition.

**Background**

Petitioner Robert Lee Winfield, Jr. (hereinafter "petitioner") is incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania and filed the instant pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 on May 12, 2011. (Doc. 1, Pet. for Writ of Habeas Corpus at 1).

After a jury found petitioner guilty of various crimes, the United States District Court for the Eastern District of Virginia sentenced him to a term of imprisonment of life plus 300 months on July 29, 1996. (Id. at 3). Petitioner appealed his judgment of conviction/sentence to the United States Court of Appeals for the Fourth Circuit. (Id.)

The Fourth Circuit affirmed the conviction and sentence on March 5, 1998. (Id. at 3-4). Petitioner filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 in the Eastern District of Virginia on February 26, 1999. (See Doc. 1 in 08cv509, Pet. for Writ of Habeas Corpus at 5-6). The district court denied the motion on March 17, 2000. (Id.) Petitioner attempted to file a second Section 2255 motion in the Eastern District of Virginia. (See Doc. 2 in 08cv509, Mem. of Law in Supp. of 2241 Pet. at 26-27). On February 29, 2008 the district court denied the second motion because petitioner had not obtained authorization from the Fourth Circuit Court of Appeals. (Id.)

On May 12, 2011, petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241.[1] (Doc. 1, Pet. for Writ of Habeas Corpus at 1). He filed the petition in this judicial district because he is imprisoned here. In the instant petition, petitioner argues that United States Bureau of Prisons (hereinafter "BOP") Policy Statement 13.51.05, which prohibits inmates from possessing their pre-sentence report and judgment and commitment order (hereinafter "J&C"), hindered him from succeeding in his first Section 2255 actual innocence claim. Petitioner contends that the J&C reflects that count one of the indictment was vacated, but that it was

---

[1] The instant petition is petitioner's second habeas corpus petition filed before this court. In his first Section 2241 habeas corpus petition, petitioner argued that he was actually innocent. (See Doc. 1 in 08cv509, Pet. for Writ of Habeas Corpus at 3-4). The court overruled petitioner's objections and adopted the magistrate judge's report and recommendation suggesting that the case be dismissed because the court lacked jurisdiction as the argument presented fell under Section 2255. (See Doc. 7 in 08cv509, Mem. & Order).

2

nonetheless used as a factor in his continuing criminal enterprise (hereinafter "CCE") conviction. Petitioner claims he was not able to obtain the J&C until his case manager provided him a copy.

This case was assigned to Magistrate Judge Blewitt for the purpose of issuing a report and recommendation. See 28 U.S.C. § 636(b)(1). The law provides that when a Section 2241 habeas corpus petition is filed, the court "must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (made applicable to § 2241 petitions under Rule 1(b)). Magistrate Judge Blewitt issued a report and recommendation indicating that the case should be dismissed under Rule 4. Petitioner then filed objections to the report and recommendation, bringing this case to its present posture.

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)©; see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Id. The district court judge may also receive further evidence or recommit the matter

to the magistrate judge with instructions.  Id.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).  A habeas petition and any supporting submissions filed pro se must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney Gen., 878 F.2d 714, 721-22 (3d Cir. 1989).  However, a federal district court can dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Sears v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert denied, 490 U.S. 1025 (1989); see also 28 U.S.C. §§ 2243, 2255.

**Discussion**

As noted above, petitioner is a federal prisoner who brings this habeas corpus petition in the judicial district of his confinement pursuant to 28 U.S.C. § 2241.  In his report and recommendation, Magistrate Judge Blewitt recommended that the petition be dismissed for lack of jurisdiction.  Magistrate Judge Blewitt noted that the petition represented a challenge to the petitioner's conviction and should be brought in the court that convicted him.

The law provides that the presumptive means for a federal prisoner to challenge his conviction is through a motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255.  Okereke v. United States, 307 F.3d 117,

4

120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S.C. 333, 343 (1974)).[2] A federal prisoner who challenges his conviction may only bring a Section 2241 habeas corpus petition when a Section 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Petitioner filed objections to Magistrate Judge Blewitt's report and recommendation. (Doc. 6, Pet'r's Written Objections). Throughout his objections petitioner asserts that Magistrate Judge Blewitt was incorrect in failing to recognize that petitioner's claims are aimed at BOP policy rather than at his conviction. The argument presented in petitioner's objections is as follows: (1) BOP policy statement 13.51.05 prevented petitioner from previously obtaining a copy of his J&C when he filed his first Section 2255 petition (Id. at 4-5); (2) petitioner did not have the opportunity to present a claim of actual innocence to the sentencing court due to his lack of access to the J&C (Id. at 5); (3) his inability to present a claim of actual innocence represents a "Manifest Miscarriage of Justice" (Id. at 5, 7); and (4) petitioner should be able to present the actual innocence claim he would have raised

---

[2] Section 2255 provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

in his original Section 2255 motion because the one year statute of limitations for Section 2255 motions has expired (Id. at 5).

Notwithstanding the objections to the contrary, we find that petitioner is attacking his CCE conviction and not BOP policy. At the heart of his Section 2241 motion are petitioner's claims that he is actually innocent of the CCE conviction and that the newly acquired J&C demonstrates this innocence. The added factor of BOP policy statement 13.51.05, the alleged reason why petitioner failed in his first Section 2255 petition, does not alter the thrust of petitioner's request–to be declared innocent of his CCE conviction.[3] Regardless of whether petitioner recently acquired a copy of his J&C, petitioner's claims are an attack on his sentence and therefore fall under the province of Section 2255.

Furthermore, the court finds that petitioner has not established that a Section 2255 motion would be inadequate or ineffective. "'A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim.'" Falodun v. Martinez, No. 11-3344, 2011 WL 5009870, at *2 (3d Cir. Oct. 21 2011) (quoting Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002)). "Indeed, '[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative.'" Id. (quoting Cradle,

---

[3] In the prayer for relief in petitioner's objections, petitioner requests this court, in part, "to give Petitioner the opportunity to present his Actual Innocence Claim to avoid a Miscarriage of Justice." (Doc. 6, Pet'r's Written Objections at 7-8).

6

290 F.3d at 5387).

Here, petitioner argues that he "miss[ed] his opportunity to present his Actual Innocence Claim on his § 2255 motion because of the one-year statute of limitations, and no other remedy exist (sic) . . . ." (Doc. 6, Pet'r's Written Objections at 5). However, the allegations petitioner makes may be raised properly in a successive Section 2255 motion filed pursuant to 28 U.S.C. § 2244(b)(3). It is well established that failing in a previous Section 2255 motion does not deem that vehicle of attacking the validity of a sentence inadequate or ineffective.[4]

Therefore, the court does not have jurisdiction to hear this Section 2241 petition as it is an attack on petitioner's conviction and a Section 2255 motion is an adequate remedy. The court will overrule petitioner's objections and adopt the report and recommendation.

**Conclusion**

Because we find petitioner's objections meritless, they will be overruled and the report and recommendation will be adopted. The petition for a writ of habeas corpus will be denied. An appropriate order follows.

---

[4] See Cradle, 290 F.3d at 539 (finding that "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (noting that "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT LEE WINFIELD, JR.,** : | : | No. 3:11cv904 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| **B. A. BLEDSOE,** | : | |
| Respondent | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

**AND NOW**, to wit this 10th day of November 2011, it is hereby **ORDERED** as follows:

1) Magistrate Judge Blewitt's report and recommendation (Doc. 5) is hereby **ADOPTED**;

2) Petitioner's written objections (Doc. 6) are **OVERRULED**;

3) The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**;

4) We decline to issue a certificate of appealability. A certificate of appealability is not issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); and

5) The Clerk of Court is directed to **CLOSE** this case.

                                          **BY THE COURT:**

                                          s/ James M. Munley
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**